GORDON E. R. TROY, PC
Gordon E. R. Troy
5203 Shelburne Road
Shelburne, VT 05482
(802) 881-0649 Phone
(646) 588-1962 Fax
**gtroy@webtm.com** E-mail

*Attorney for Plaintiff Revise Clothing, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Revise Clothing, Inc.<br><br>         Plaintiff,<br><br>      - against -<br><br>V Sky, LLC, I'M JDA, LLC, and David Hoffman,<br>             Defendants. | **Case No. : _____** |

**COMPLAINT FOR TRADEMARK, TRADE NAME AND DOMAIN NAME INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND FALSE ADVERTISING**

Plaintiff Revise Clothing, Inc., through its attorney, complaining of Defendants V Sky LLC, I'M JDA, LLC and David Hoffman, alleges as follows:

**STATEMENT OF THE CASE**

1. This is an action for injunctive relief and damages under the Lanham Act and common law based on Defendants' unlawful adoption and use of (a) VANILLA SKY, a trademark

which is confusingly similar to Plaintiff's VANILLA STAR trademark, and (b) the domain names vanillaskystores.com and shopvanillasky.com.

## THE PLAINTIFF

2.  Plaintiff Revise Clothing, Inc. is a New Jersey corporation organized and existing under the laws of the State of New Jersey, with offices at 20 Henry Street, Teterboro, New Jersey 07608. Plaintiff is authorized to do business in New York State and maintains a showroom in New York City.

## DEFENDANTS

3.  Upon information and belief, Defendant V Sky LLC d/b/a "Vanilla Sky Stores" (hereinafter sometimes referred to as "V SKY") is a limited liability company organized and existing under the laws of the State of New York.

4.  As reflected in the online records for the New York State Department of State, Division of Corporations, V SKY's agent for service of process is David Hoffman, 5601 West Side Ave., 2d Floor, North Bergen, New Jersey, 07047.

5.  Upon information and belief, Defendant I'M JDA LLC ("I'M JDA") is a limited liability company organized and existing under the laws of the State of New York and operates a store at 512 Kings Highway, Brooklyn, NY 11223, under the name VANILLA SKY.

6.  As reflected in the online records for the New York State Department of State, Division of Corporations, I'M JDA's address for service of process is 1033 East 9th Street, Brooklyn, NY 11230.

7.	Upon information and belief, Defendant David Hoffman (hereinafter "Hoffman") is President of V SKY and registrant for the domain names, vanillaskystores.com and shopvanillasky.com each with an address of 1407 Broadway, Suite 1204, New York, NY 10018 and contact email address of dhoffman@madisonbrands.com (the "Infringing Domain Names").

## JURISDICTION AND VENUE

8.	Subject matter jurisdiction over the Lanham Act claims in this action is conferred upon the Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

9.	This Court has personal jurisdiction over Defendants, each of which transacts business in this judicial district.

10.	Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) because Defendants have substantial contacts with this judicial district and/or a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this judicial district.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

11.	Plaintiff's VANILLA STAR mark, U.S. Reg. No. 2762901, was registered on September 9, 2003, covering goods in international class 25, to wit, "Clothing, namely, shirts, pants, jackets and jeans for men, women and children" (the "Vanilla Star Registration").

12.	The Vanilla Star Registration is valid, subsisting and incontestable.

13.	Since at least as early as October 5, 2002, Plaintiff has continually advertised, marketed and sold clothing under the VANILLA STAR mark, has invested substantial resources in

advertising and promoting its goods, and has acquired substantial goodwill and notoriety under its VANILLA STAR mark.

14. Plaintiff is a well-known and highly respected company in the clothing industry and sells its products to many national and regional chains. Plaintiff's VANILLA STAR clothing is sold through more than 5,000 retail outlets throughout the United States.

15. Plaintiff's VANILLA STAR mark and Vanilla Star Registration is not limited by channels of trade or classes of purchasers.

16. Both VANILLA STAR and VANILLA SKY contain the word "Vanilla" followed by a single-syllable word beginning with an "S." Moreover, as "stars" appear in the "sky," there is an undeniable and natural association between the two marks.

17. Plaintiff and Defendants use the same channels of advertising and social media, including but not limited to Facebook and Twitter.

18. Upon information and belief, Defendants operate stores in Brooklyn, Woodbury and Merrick, New York, and Marlboro, Livingston and Deal, New Jersey; have opened or intend to open an additional store in Greenvale, New York; and operate the Infringing Domain Names.

19. On January 15, 2010, Defendant I'M JDA filed an application to register the mark VANILLA SKY, on the basis of use, claiming first use and first use in commerce of October 5, 2008, covering goods in class 25 as shown on application Serial No. 77912743 (the '"743 Application"), to wit, "Apparel in the nature of sportswear, daywear, innerwear, and outerwear, namely, skirts, pants, shirts, tshirts, dresses, miniskirts, dress shirts, trousers, short-sleeved and long-sleeved shirts, tops, sweat pants, halter tops, tank tops, blouses, vests, skorts, hoods,

wraps, headwear, cardigans, jackets, coats, blazers, shawls, scarves, gym suits, suits, sweat suits, sweaters, tunics, camisoles, undershirts, slips, pajamas, panties, shorts and briefs, body suits, bathing suits, beachwear, socks, belts, and footwear."

20.     On July 1, 2010, Plaintiff filed Opposition No. 91195528 in the United States Patent and Trademark Office, Trademark Trial and Appeal Board ("TTAB"), opposing the '743 Application.

21.     On August 3, 2010, Defendant V SKY filed an application to register the mark VANILLA SKY, covering services in class 35, to wit, "Retail apparel stores; Retail clothing boutiques; Retail clothing stores." The mark, U.S. Reg. No. 3940562, was registered on April 4, 2011 (the "'562 Mark"). The '562 Mark is not incontestable.

22.     On October 20, 2010, in Opposition No. 91195528, the TTAB entered a default judgment in favor of Plaintiff, sustaining the opposition to the '743 Application and refusing registration of VANILLA SKY in class 25 as sought by Defendant I'M JDA.

23.     On July 1, 2014, Defendant V SKY filed an application to register the mark VANILLA SKY, on the basis of intent to use, covering goods in class 25, as shown on application Serial No. 86325636 (the "'636 Application"), to wit, "Bathing suits; Beachwear; Belts; Blazers; Body suits; Briefs; Camisoles; Cardigans; Coats; Dress shirts; Footwear; Gym suits; Halter tops; Headwear; Hoods; Jackets; Jeans; Miniskirts; Pajamas; Panties; Pants; Scarves; Shawls; Shorts; Skorts; Slips; Socks; Suits; Sweat suits; Sweaters; Sweatpants; T-shirts; Tank tops; Tops; Trousers; Tunics; Undershirts; Vests; Women's clothing, namely, shirts, dresses, skirts, blouses."

24. On December 2, 2014, Plaintiff filed Opposition No. 91219576 in the TTAB, opposing the '636 Application, which proceeding is pending (the "'576 Opposition").

25. Although the '636 Application was filed on the basis of intent to use, Defendants claim they have been using the VANILLA SKY mark on clothing since October 5, 2008.

26. Defendant V Sky has claimed in discovery responses in the '576 Opposition that it has been using the VANILLA SKY mark in class 25 since May 3, 2014, that it has sold "a token minimal quantity of private label goods" under the VANILLA SKY mark, and that its annual gross revenues of goods bearing the applied-for VANILLA SKY mark are estimated to be 5% of annual gross revenues.

27. The '636 Application, like the '743 Application before it, covers goods that are identical, substantially similar and/or closely related to Plaintiff's VANILLA STAR goods.

28. Plaintiff's and Defendants' respective goods are being offered and sold, and will continue to be offered and sold, through the same channels of trade and purchased by the same class of purchasers.

29. Plaintiff's customers, people in the trade and the public in general have been and are likely to be confused, mistaken, misled and deceived as to the origin, affiliation, endorsement or sponsorship of Defendants' retail services under the VANILLA SKY mark, and misled into believing that such retail services emanate from or are in some way associated with Plaintiff, to the damage and detriment of Plaintiff, its good will and reputation.

30. Plaintiff's customers, people in the trade and the public in general have been and are likely to be confused, mistaken or deceived as to the origin, affiliation, endorsement or

sponsorship of the goods sold and marketed, or to be sold and marketed, by Defendants under the VANILLA SKY mark, and misled into believing that such goods are produced by, offered, sold by emanate from or are in some way associated with Plaintiff, to the damage and detriment of Plaintiff, its good will and reputation.

31.  Defendants are and have been on constructive notice of Plaintiff's prior rights in its VANILLA STAR trademark by virtue of the subsistence of the Vanilla Star Registration.

32.  Defendants are and have been on actual notice of Plaintiff's prior rights in its VANILLA STAR trademark by virtue of the '576 Opposition, which Defendant I'M JDA did not contest.

33.  Defendants, by and through its related business operating as "10 Spot/Madrag," has for many years purchased products from Plaintiff with full knowledge of Plaintiff's ownership of the VANILLA STAR brand.

### AS AND FOR A FIRST CAUSE OF ACTION
### Federal Trademark Infringement
### (15 U.S.C. §§ 1114-1117; Lanham Act § 32-35)

34.  Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 33 of this Complaint.

35.  Without Plaintiff's consent, Defendants have used and are using a mark or designation, to wit, VANILLA SKY, that is confusingly similar to Plaintiff's VANILLA STAR mark.

36.  Defendants' acts of trademark infringement have been and are being committed willfully and with the intent to cause confusion, mistake or deception in violation of 15 U.S.C. § 1114.

37. As a direct and proximate result of Defendants' infringing activities, Plaintiff has suffered or is likely to suffer damages, including without limitation irreparable damage to its business reputation and goodwill.

38. Unless enjoined from using the VANILLA SKY mark in classes 25 and 35, Defendants' infringing conduct as alleged herein will continue to cause irreparable harm and injury to Plaintiff's business and goodwill for which there is no adequate remedy at law.

39. Defendants' conduct has also caused and, unless enjoined, will continue to cause inevitable public confusion for which there is no adequate remedy at law.

40. Consequently, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

41. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including but not limited to the profits earned by Defendants from their infringing conduct.

42. Defendants' trademark infringement as alleged herein is an exceptional case and undertaken willfully, thereby entitling Plaintiff to receive three times its actual damages or three times Defendants' profits, whichever is greater, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and (b).

43. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to the destruction of all signs, labels, packages, advertisements, brochures, hang tags, web pages and other items, tangible and intangible, that bear the VANILLA SKY mark and are in the possession or under the control of Defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
### False Designation of Origin, Unfair Competition, False Advertising
### (15 U.S.C. § 1125(a); Lanham Act § 43(a))

44. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 43 of this Complaint.

45. Defendants' conduct complained of herein constitutes the use of symbols or devices tending falsely to describe the infringing product within the meaning of 15 U.S.C. §1125(a)(1).

46. Defendants' use of the mark and designation VANILLA SKY is likely to cause confusion, mistake or deception by or in the public and persons in the trade as to the affiliation, connection, association, origin, sponsorship or approval of the Defendants' and Plaintiff's goods, to the detriment of Plaintiff and in violation of 15 U.S.C. §1125(a)(1).

47. Defendants' conduct was undertaken willfully and with the intent to cause confusion, mistake and deception in the trade and on the part of persons in the trade and the public.

48. Defendants' conduct has damaged Plaintiff's business reputation and good will.

49. Defendants' conduct has caused and, unless enjoined, will continue to cause irreparable harm and injury to Plaintiff's business reputation and goodwill for which there is no adequate remedy at law.

50. Defendants' conduct has caused and, unless enjoined, will continue to cause inevitable confusion in the trade and on the part of the public, for which there is no adequate remedy at law.

51. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

52. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including but not limited to the profits earned by Defendants from their use of a mark or designation confusingly similar to Plaintiff's VANILLA STAR mark.

53. Defendants' trademark infringement as alleged herein is an exceptional case and undertaken willfully, thereby entitling Plaintiff to receive three times its actual damages or three times Defendants' profits, whichever is greater, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

54. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to the destruction of all signs, labels, packages, advertisements, brochures, hang tags, web pages and other items, tangible and intangible, that bear the VANILLA SKY mark and are in the possession or under the control of Defendants.

**AS AND FOR A THIRD CAUSE OF ACTION**
**Cancellation of U.S. Reg. No. 3940562 Based on Likelihood of Confusion**
**(15 U.S.C. § 1052(d), 1064 and 1119)**

55. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 54 of this Complaint.

56. Defendants' '562 Mark was registered on April 4, 2011, and is not incontestable.

57. The '562 Mark is confusingly similar to Plaintiff's VANILLA STAR mark.

58. Because Defendants design and manufacture goods in class 25 and sell those goods in its VANILLA SKY stores under the '562 Mark, persons in the trade and the public in general have been and are likely to be confused as to the origin, affiliation, endorsement or sponsorship of Defendants' retail services and goods.

59. Within the past year, Plaintiff has become aware of actual confusion in the trade and among the public as to the origin, affiliation, endorsement or sponsorship of Defendants' retail services, believing Defendants' stores to be sponsored by or related in some way to Plaintiff and its VANILLA STAR mark.

60. Because the '562 Mark is likely to cause, and has actually caused, confusion among persons in the trade and the public as to the origin, affiliation, endorsement or sponsorship of Defendants' retail services, the '562 Mark must be cancelled.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**Cancellation of U.S. Reg. No. 3940562 Based on Priority of Use**
**(15 U.S.C. § 1052(d), 1064 and 1119)**

61. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 60 of this Complaint.

62. Plaintiff' use VANILLA STAR predated any use by Defendants of VANILLA SKY.

63. Defendants' VANILLA SKY mark so resembles Plaintiff's VANILLA STAR mark that Plaintiff's use of VANILLA SKY in connection with services in class 35 has caused and is likely to cause confusion, mistake or deception as to the origin, affiliation, endorsement or sponsorship of the Defendant's services.

64. Plaintiff has been damaged and will continue to be damaged by the '562 Registration which, *inter alia*, infringes upon Plaintiff's rights to use its VANILLA STAR mark.

65. Consequently, the '562 Registration must be cancelled pursuant to 15 U.S.C. U.S.C. §§ 1052(d), 1064 and 1119.

**AS AND FOR A FIFTH CAUSE OF ACTION**
<u>**For an Order Directing the PTO to Grant Opposition No. 91219576**</u>
<u>**and Dismiss the '636 Application**</u>
**(15 U.S.C. § 1119)**

66. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 65 of this Complaint.

67. This action involves issues in common with those in the pending opposition proceeding against the '636 Application and, consequently, a decision by this Court with respect to the '636 Application is binding upon the TTAB.

68. The '636 Application seeks registration of VANILLA SKY in Class 25 covering goods that are identical, substantially similar and/or closely related to Plaintiff's VANILLA STAR goods.

69. The actual and proposed uses by Defendants of VANILLA SKY has caused and is likely to cause confusion, mistake or deception as to the origin, affiliation, endorsement or sponsorship of Defendants' goods.

70. Plaintiff is therefore entitled to an Order direction the TTAB to grant Opposition No. 91219576 and dismiss Defendant's '636 Application.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Common Law Unfair Competition and False Designation of Origin

71. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 70 of this Complaint.

72. Plaintiff has expended substantial time, resources and effort to develop and obtain an excellent reputation and good will for itself and its VANILLA STAR mark.

73. Defendants have knowingly and willfully adopted a confusingly similar mark in an unlawful effort to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain.

74. Defendants' unlawful adoption and use of the VANILLA SKY (a) is calculated to and likely to confuse, deceive and mislead the trade and consumers into believing that its goods and services originated or were authorized by Plaintiff, and (b) has caused and is likely to continue to cause confusion as to origin, affiliation, endorsement or sponsorship of Defendants' goods and services, all to Plaintiff's detriment.

75. Upon information and belief, Defendants have obtained gains, profits and advantages as a result of its impermissible and unlawful use of their VANILLA SKY mark in an amount not yet determined or ascertainable.

76. Defendants' acts as alleged in this Complaint constitute unfair competition and will, unless enjoined by this Court, result in (a) damage to and destruction and/or diversion of Plaintiff's goodwill in its VANILLA STAR mark, and (b) the unjust enrichment of Defendants.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### False Designation of Origin, Unfair Competition, False Advertising
### <u>Anti-Cybersquatting Consumer Protection Act ("ACPA")</u>
### (15 U.S.C. § 1125(d); Lanham Act § 43(d))

77. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 76 of this Complaint.

78. Defendants registered the Infringing Domain Names through GoDaddy.com, Inc. on January 4, 2012.

79. Defendants registered the Infringing Domain Names with the bad faith intent of profiting from the VANILLA STAR mark.

80. As aforesaid, Plaintiff's VANILLA STAR mark is distinctive, and was distinctive as of the date of the registration of Infringing Domain Names.

81. Defendants' Infringing Domain Names are confusingly similar to Plaintiff's VANILLA STAR mark.

82. Pursuant to 15 U.S.C. § 1125(d)(1)(C), Plaintiff is entitled to the transfer of the Infringing Domain Names to itself.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

(a) Cancelling U.S. Trademark Registration No. 3940562;

(b) Entering a preliminary and permanent injunction against Defendants from (1) using the VANILLA SKY marks in commerce in classes 25 and 35; and (2) engaging in any other

act that constitutes infringement, unfair competition, false advertising or trademark dilution in violation of Plaintiffs' rights, including but not limited to the use of VANILLA SKY in online social media channels such as Facebook and Twitter;

(c) Certifying an order directing the United States Patent and Trademark Office, Trademark Trial and Appeal Board, to grant Opposition No. 91219576, and deny registration of VANILLA SKY in class 25, Serial No. 86325636;

(d) Requiring Defendants to take any action as may be directed by the Court for the purpose of attempting to alleviate or remedy confusion among consumers caused by Defendants' conduct complained of herein;

(e) Awarding Plaintiff damages pursuant to 15 U.S.C. § 1117(a) sufficient to compensate Plaintiff for Defendants' false designation of origin, unfair competition and trademark dilution through its use of VANILLA SKY;

(f) Ordering Defendants to account to Plaintiff for its profits derived by reason of its misappropriation of the Plaintiff's VANILLA STAR mark and Defendants' use of the mark or designation VANILLA SKY;

(g) Pursuant to 15 U.S.C. § 1117, awarding Plaintiff the greater of three times Defendants' profits or three times any damages sustained by Plaintiff, whichever is greater;

(h) Pursuant to 15 U.S.C. § 1117, awarding Plaintiff its costs, expenses and attorneys' fees incurred with respect to this action;

(i) Pursuant to 15 U.S.C. § 1118, ordering the destruction of all signs, labels, packages, advertisements, brochures, hang tags, web pages and other items, tangible and

intangible, that bear the VANILLA SKY mark and are in the possession or under the control of Defendants.

 (j) Awarding Plaintiff both pre-judgment and post-judgment interest on any monies to be paid by Defendants;

 (k) Awarding Plaintiff its costs, expenses and attorneys' fees incurred with respect to this action;

 (l) Transferring the domain names vanillaskystores.com and shopvanillasky.com to Plaintiff; and,

 (m) Awarding such other and further relief as to the Court seems just, proper and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 (F.R.C.P 38), Plaintiff hereby demands a jury trial on all issues so triable.

Dated: June 9, 2015

       Respectfully submitted:
       GORDON E. R. TROY, PC

        /Gordon E. R. Troy, Esq./
      By: _____
       Gordon E. R. Troy
       5203 Shelburne Road
       Shelburne, VT 05482
       (802) 881-0649 Phone
       (646) 588-1962 Fax
       **gtroy@webtm.com** Email
       Bar #: GT3737
      *Attorney for Plaintiff,* Revise Clothing, Inc.